UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JOSEPH HARRIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:20-cv-00814-SEB-DML |
| | ) | |
| MCMULLEN, | ) | |
| | ) | |
| Defendant. | ) | |

**ENTRY GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT,
DISMISSING ACTION, AND DIRECTING ENTRY OF FINAL JUDGMENT**

This civil rights action is based on Joseph Harris's allegations that he was confined in a cell

without heat for three weeks at the Correctional Industrial Facility (CIF) in December 2019 and

January 2020. The defendant, Derrek McMullen, has moved for summary judgment. Because no

reasonable jury could return a verdict for Mr. Harris, the motion for summary judgment is granted,

and this action is dismissed.

### I. Summary Judgment Standard

A motion for summary judgment asks the Court to find that a trial is unnecessary because

there is no genuine dispute as to any material fact and, instead, the movant is entitled to judgment

as a matter of law. *See* Fed. R. Civ. P. 56(a). Whether a party asserts that a fact is undisputed or

genuinely disputed, the party must support the asserted fact by citing to particular parts of the

record, including depositions, documents, or affidavits. Fed. R. Civ. P. 56(c)(1)(A). A party can

also support a fact by showing that the materials cited do not establish the absence or presence of

a genuine dispute or that the adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1)(B). Affidavits or declarations must be made on personal knowledge, set

out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated. Fed. R. Civ. P. 56(c)(4). Failure to properly support a fact in opposition to a movant's factual assertion can result in the movant's fact being considered undisputed, and potentially in the grant of summary judgment. Fed. R. Civ. P. 56(e).

In deciding a motion for summary judgment, the Court need only consider disputed facts that are material to the decision. A disputed fact is material if it might affect the outcome of the suit under the governing law. *Williams v. Brooks*, 809 F.3d 936, 941–42 (7th Cir. 2016). "A genuine dispute as to any material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Daugherty v. Page,* 906 F.3d 606, 609–10 (7th Cir. 2018) (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)).

On summary judgment, a party must show the Court what evidence it has that would convince a trier of fact to accept its version of the events. *Gekas v. Vasilades*, 814 F.3d 890, 896 (7th Cir. 2016). The moving party is entitled to summary judgment if no reasonable fact-finder could return a verdict for the non-moving party. *Nelson v. Miller*, 570 F.3d 868, 875 (7th Cir. 2009). The Court views the record in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Skiba v. Illinois Cent. R.R. Co.*, 884 F.3d 708, 717 (7th Cir. 2018). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the fact-finder. *Miller v. Gonzalez*, 761 F.3d 822, 827 (7th Cir. 2014). The Court need only consider the cited materials, Fed. R. Civ. P. 56(c)(3), and is not required to "scour every inch of the record" for potentially relevant evidence. *Grant v. Trustees of Indiana University,* 870 F.3d 562, 572–73 (7th Cir. 2017). Any doubt as to the existence of a genuine issue for trial is resolved against the moving party. *Anderson*, 477 U.S. at 255.

Mr. Harris failed to respond to the summary judgment motion. Accordingly, facts alleged in the motion are deemed admitted so long as support for them exists in the record. *See* S.D. Ind. Local Rule 56-1 ("A party opposing a summary judgment motion must . . . file and serve a response brief and any evidence . . . that the party relies on to oppose the motion. The response must . . . identif[y] the potentially determinative facts and factual disputes that the party contends demonstrate a dispute of fact precluding summary judgment."); *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003) ("[F]ailure to respond by the nonmovant as mandated by the local rules results in an admission"); *Brasic v. Heinemanns, Inc.*, 121 F.3d 281, 285–86 (7th Cir. 1997) (affirming grant of summary judgment where the nonmovant failed to properly offer evidence disputing the movant's version of the facts). This does not alter the summary judgment standard, but it does "reduce the pool" from which facts and inferences relative to the motion may be drawn. *Smith v. Severn*, 129 F.3d 419, 426 (7th Cir. 1997) (cleaned up). Thus, "even where a non-movant fails to respond to a motion for summary judgment, the movant 'still has to show that summary judgment is proper given the undisputed facts.'" *Robinson v. Waterman*, 1 F.4th 480, 483 (7th Cir. 2021) (cleaned up) (quoting *Yancick v. Hanna Steel Corp.*, 653 F.3d 532, 543 (7th Cir. 2011)).

## II. Facts

Mr. Harris alleges in his complaint that he was without heat in his cell for three weeks in late 2019 and early 2020. Dkt. 1 at 2.[1] Mr. McMullen was Physical Plant Director at CIF, and his duties included "building operations, maintenance, budgeting for preventative maintenance, and grounds keeping," and he had access to CIF's work order and maintenance request system. Dkt. 25-1 at ¶¶ 2–3. Tyler Muterspaugh was a maintenance worker responsible for heating and cooling at CIF. *Id.* at ¶ 5.

---

[1] Mr. Harris' complaint is sworn under penalty of perjury, making it " the equivalent of an affidavit for summary judgment purposes." *Devbrow v. Gallegos*, 735 F.3d 584, 587 (7th Cir. 2013).

Mr. Harris was housed in Unit E, cell 19. Dkt. 25-5 at 2. Cells in Unit E did not have their own heaters or thermostats. *Id.* at ¶ 10. They received heat from a single source, and ducts flowed from that source into each cell. *Id.*

On December 26, 2019, inmates in Unit E began complaining that the heat was not working. *Id.* at ¶ 5. Mr. Muterspaugh sent Mr. McMullen an e-mail that day stating that cells 16 and 18 measured about 68 and 71 degrees Fahrenheit, respectively, and that he flushed and readjusted the heating lines. Dkt. 25-2.

On December 30, Chad Evans submitted a work order reporting that inmates in Unit E were again complaining of cold temperatures. Dkt. 25-3 at 1. On January 6, Mr. Muterspaugh documented in the work order system that he flushed the relevant heating lines and that cells in Unit E were measuring about 70 degrees. *Id.* at 2.

On January 19, Mr. McMullen e-mailed Robert Stafford, CIF's grievance specialist, to report that the temperature in Cell 18 was between 63 and 69 degrees depending on location within the cell. Dkt. 25-5 at 5. It is not clear from the record what prompted Mr. McMullen to measure the temperature of Cell 18 or e-mail Mr. Stafford that day.

Mr. Harris submitted a grievance on January 21 stating:

> I'm sick with the flu on the 19 of Jan. 2020. Mr. Derrick Mcmulles was told about the heat by Mr. Ricky Bernworth his response was'nt positive it was real negative like I don't care! i witness it.

Dkt. 25-5 at 4 (errors in original). On January 24, Mr. Stafford responded by noting the temperatures measured in cell 18 on December 30 and January 19, and he advised Mr. Harris to report to the medical staff if he was sick. *Id.* at 3. Mr. Harris responded the following day that Mr. Stafford's response was an attempt to "change the subject" and that the temperature of cell 18 was not relevant to the question of the temperature in his cell. *Id.* at 2. He wrote, "All I want

maintenance acknowledge is that they don't care about me having heat. I froze all those days without heat." *Id.* Thus, it appears that the situation in his cell was resolved by January 25.

Mr. Harris states in his complaint that he told Mr. McMullen "repeatedly" that his cell was cold and that Mr. McMullen responded by laughing and telling him to go away. Dkt. 1 at 2. He also alleges that Mr. McMullen made sure that white inmates had functional heat in their cells but left him to suffer in a cold cell. *Id.* at 3. He provides no evidence to support this allegation.

### III. Analysis

When the Court screened Mr. Harris's complaint, it identified plausible claims for relief under the Eighth and Fourteenth Amendments. Dkt. 8.

Conditions of confinement violate the Eighth Amendment when (1) the conditions subject the plaintiff to the denial of the minimal civilized measure of life's necessities, and (2) the defendants are "deliberately indifferent to this state of affairs." *Gray v. Hardy*, 826 F.3d 1000, 1005 (7th Cir. 2016) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). The Seventh Circuit has "identified several situations that" satisfy the first prong of the test, "including lack of heat, clothing, or sanitation." *Id.* (citing *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006)). The second prong—deliberate indifference—requires a showing that the defendant "knew that the inmate faced a substantial risk of serious harm, and yet disregarded that risk by failing to take reasonable measures to address it." *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008). "[I]t is not enough for the inmate to show that the official acted negligently or that he or she should have known about the risk." *Id.* "Instead, the inmate must show that the official received information from which the inference could be drawn that a substantial risk existed, and that the official *actually drew the inference*." *Id.* (emphasis added).

Viewed in the light most favorable to Mr. Harris, the record would not allow a reasonable jury to resolve an Eighth Amendment claim in his favor.

The record indicates that Mr. McMullen learned of a heating problem in Unit E on December 26 but also learned that Mr. Muterspaugh promptly initiated repairs and that cells in the unit were at comfortable temperatures. The record further indicates that Mr. McMullen heard of cold temperatures in Unit E again on January 19, measured temperatures in Cell 18 himself, and found temperatures in the mid-to-high 60s. Given that Cells 18 and 19 were fueled by the same heat source, it would not have been deliberately indifferent for Mr. McMullen to reason that conditions in Cell 19 were similar to conditions in Cell 18.

These facts do not support an inference that Mr. Harris was confined under inhumane temperatures for a significant time, and they certainly do not support an inference that Mr. McMullen knew as much and disregarded Mr. Harris's suffering. If additional evidence demonstrates that Mr. McMullen knew the temperature in Mr. Harris's cell was lower than the temperature in Cell 18 for a significant time, Mr. Harris has not taken the opportunity to present it to the court.

Turning to the Fourteenth Amendment, an equal protection claim must be based on evidence that that the plaintiff has been "treated differently from a similarly situated person." *Alston v. City of Madison*, 853 F.3d 901, 906 (7th Cir. 2017). "To avoid summary judgment," Mr. Harris must "come forward with evidence that would allow a reasonable jury to infer that the defendant[] intentionally treated him differently because of his race." *Lisle v. Welborn*, 933 F.3d 705, 720 (7th Cir. 2019). No evidence provides information about the races of the other inmates in Unit E, much less which inmates had access to heat. No evidence in the record supports a conclusion that Mr. McMullen discriminated against Mr. Harris because of his race.

## IV. Conclusion

The defendant's motion for summary judgment, dkt. [23], is **granted**. This action is **dismissed with prejudice**. The **clerk is directed to enter final judgment**.

**IT IS SO ORDERED.**

Date: 3/9/2022

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

JOSEPH HARRIS
19137
PENDLETON - CORRECTIONAL INDUSTRIAL FACILITY
CORRECTIONAL INDUSTRIAL FACILITY
Inmate Mail/Parcels
5124 West Reformatory Road
PENDLETON, IN 46064

Zachary Robert Griffin
INDIANA ATTORNEY GENERAL
zachary.griffin@atg.in.gov

Adrienne Nicole Pope
INDIANA ATTORNEY GENERAL
adrienne.pope@atg.in.gov